**FILED**
2007 Jun-13  PM 02:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

MICHAEL A. ALLEN as the
Administrator of the Estate of NINA
EARLINE RATLIFF, deceased

Plaintiff,

v.                                                     CIVIL ACTION NO:

PFIZER INC., et al; GEORGE A.
FIELDS, SHAD FLEEMAN, BRIAN              JURY TRIAL DEMANDED
ROBINSON, ROBERT L. VANDELUNE,
COLBURN'S NORTH PHARMACY,
INC., et al.

Defendants.

## <u>NOTICE OF REMOVAL</u>

TO:   United States District Court for the Northern District of Alabama

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants G.D.

Searle LLC ("Searle")(improperly captioned in Plaintiff's Complaint as

"GD. Searle, LLC"), Pharmacia Corporation ("Pharmacia" and also

improperly captioned in Plaintiff's Complaint as Monsanto Company),

Pfizer Inc. ("Pfizer") (collectively, the "Removing Defendants") with full

reservation of all defenses, file this Notice of Removal of this civil action

from the Circuit Court of Tuscaloosa County, State of Alabama, to the

United States District Court for the Northern District of Alabama, and state

as follows:

Plaintiff's counsel (or its affiliates) has, for the fourteenth time, filed an action in Alabama state court against substantially these same defendants, fraudulently joining alleged, non-diverse pharmaceutical representative defendants. As set forth below, the Eleventh Circuit recently spoke definitively against the "common strategy" employed by plaintiffs in pharmaceutical products liability cases such as this one of fraudulently joining individual non-diverse pharmaceutical representatives in an effort to defeat federal court jurisdiction. *Legg v. Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005). In thirteen of these fourteen attempts, the Alabama federal district court has maintained federal jurisdiction over the case pending its transfer to the multi-district litigation proceeding (the sole exception was decided before *Legg*). Here, Plaintiff filed suit against the Removing Defendants and their alleged pharmaceutical representatives, George A. Fields, Shad Fleeman, Brian Robinson, and Robert Vandelune (the "Detailer Defendants"), as well as Colburn's Northport Pharmacy (the "Pharmacy"). Plaintiff has no reasonable possibility of prevailing against the Detailer Defendants or the Pharmacy. Therefore, the inclusion of the Detailer Defendants and the Pharmacy does not defeat this Court's diversity jurisdiction.

Indeed, in recent removals involving similar allegations made by Plaintiff's counsel against pharmaceutical representatives of the Removing Defendants, Alabama federal courts have stayed proceedings pending transfer to the Multidistrict Litigation ("MDL") Court, *see, e.g. Darty v. G.D. Searle*, No. 2:07-cv-671-S (N.D. Ala.) (Blackburn, J.) (granting motion to stay pending transfer to the MDL despite plaintiff's joinder of pharmaceutical representative in an effort to defeat diversity jurisdiction); *Dunlap v. Pfizer, Inc.*, No. 7:07-cv-45-HGD (N.D. Ala. Jan. 10, 2007) (Davis, J.) (granting motion to stay pending transfer to the MDL despite plaintiff's joinder of pharmaceutical representative in an effort to defeat diversity jurisdiction); *Morris v. Pfizer Inc.*, No. 2:06-cv-349-MEF (M.D. Ala. May 26, 2006) (Fuller, J.) (denying plaintiff's motion to expedite ruling on motion to remand, whereupon the case transferred to the MDL court); *Jackson v. Pfizer, Inc.*, CV-2:05-cv-841-F (M.D. Ala. Dec. 5, 2005) (Walker, J.) (granting motion to stay pending transfer to the MDL despite plaintiff's joinder of pharmaceutical representatives in an effort to defeat diversity jurisdiction); *Nelson v. Pfizer, Inc.*, CV-2:05-cv-832-F (M.D. Oct. 2, 2005) (Fuller, J.) (same); *Thomas v. Pfizer, Inc.*, CV-2:05-cv-824-F (M.D. Ala. Nov. 15, 2005) (Fuler, J.) (same); *McGrady v. Pfizer, Inc.*, CV-2:06-cv-431-MEF (M.D. Ala. May 26, 2006) (Fuller, J.) (same); *Hall v. Pfizer, Inc.*,

3

CV-2:05-cv-941-F (M.D. Ala. Nov. 21, 2005) (McPherson, J.) (same); *Beverly v. Pfizer, Inc.*, CV-05-0542-M (S.D. Ala. Nov. 17, 2005) (Milling, J.) (same) (collected at Exhibit 1)[1], or denied remand, *see, e.g., McCluskey v. Merck & Co.,* No. 07-AR-0232-S (N.D. Ala. Mar. 7, 2007) (Acker, J.) (denying plaintiff's motion to remand and granting defendants' motion to stay); *Conner v. G.D. Searle LLC*, No. CV 06-PT-843-E (N.D. Ala. June 1, 2006) (Propst, J.) (same): *Gordon v. Pfizer Inc.,* CV-06-RRA-703-E, 2006 WL 2337002 at *9 (N.D. Ala. May 10, 2006) (Armstrong, Magistrate J.) (denying remand and finding "no reasonable possibility" that the plaintiff would be able to establish a claim against pharmaceutical sales representative and therefore dismissing him with prejudice), *adopted as Opinion of the Court* (N.D. Ala. May 22, 2006) (Johnson, J.) (collected at Exhibit 2).

1.    The Removing Defendants, as well as the purportedly non-diverse Detailer Defendants and Pharmacy, are the only named defendants to the action filed in the Circuit Court of Tuscaloosa County, State of Alabama, bearing the caption *Michael Allen v. Pfizer, Inc., et al.,* Civil Action CV-2007-900125. On April 21, 2007, Plaintiff filed this action for alleged

---

[1] Removing Defendants will be filing a motion to stay all proceedings pending MDL transfer.

B GSH 749241 v1
2902026-000071 6/11/2007

damages resulting from the ingestion of Celebrex, an FDA-approved prescription medication. Compl. ¶ 1 (attached hereto as Exhibit 3).

2.    On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (MDL-1699) for cases such as this involving Celebrex®. *See In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig.*, 391 F. Supp. 2d 1377 (J.P.M.L. 2005). Accordingly, this case is expected to become a "tag-along" action transferable to MDL-1699 pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the JPML. *See Rules of Procedure of the Judicial Panel on Multidistrict Litig.*, 199 F.R.D. 425 (J.P.M.L. 2001). As noted, Removing Defendants will soon be filing a Motion to Stay all proceedings in this Court pending transfer.

## I.    THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION.

3.    This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (2) the requisite diversity of citizenship exists between Plaintiff and the properly joined Defendants.

5

A.     **The Amount-In-Controversy Requirement Is Satisfied.**

4.     Based on the allegations in Plaintiff's Complaint, the amount in controversy plainly exceeds $75,000.00, exclusive of interest and costs. Indeed, Plaintiff expressly "prays for entry of judgment against Defendants and award relief in an amount in excess of seventy-five thousand dollars ($75,000.00)." Comp. at 40. Plaintiff seeks to recover unlimited damages in excess of the jurisdictional minimum on behalf of Nina Earline Ratliff whom he alleges "suffered a severe adverse reaction and was diagnosed with Steven-Johnsons Syndrome (SJS) resulting in death" after using the prescription medication Celebrex. *Id*. ¶20. Given all of these allegations the jurisdictional amount requirement is plainly satisfied. *See, e.g., Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 948-48 (11th Cir. 2000); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

B.     **Complete Diversity Of Citizenship Exists Between The Properly Joined Parties.**

5.     There is complete diversity between plaintiff and the properly joined defendants. Plaintiff Michael A. Allen brings this suit as "the duly appointed Administrator of the Estate of Nina Earline Ratliff." Compl. ¶ 2. Ms. Ratcliff was a resident and citizen of Alabama at the time of her alleged injuries and death. *See id*, ¶ 3. Accordingly, plaintiff is deemed to be a citizen of Alabama. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of

6

the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

6.    Defendant Pfizer was at the time of filing of this action, and still is, a corporation existing under the laws of Delaware, with its principal place of business in New York. *See* Compl. ¶ 6. Accordingly, Pfizer is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

7.    Defendant Pharmacia was at the time of filing of this action, and still is a corporation existing under the laws of Delaware, with its principal place of business in New Jersey. *See* Compl. ¶ 4. Accordingly, Pharmacia Corporation is not now, nor was it at the time of filing of this action, a citizen of Alabama for purposes of determining diversity.   28 U.S.C. § 1332(c)(1).

8.    Defendant Searle was at the time of filing of this action, and still is, a limited liability company whose sole member is (and was) Pharmacia & Upjohn Company LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia Corporation which is, and at the time of the filing of this action

7

was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Thus, for jurisdictional purposes, Searle is a citizen of Delaware and New Jersey. *See e.g., Rolling Greens MHP, LP v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that a "limited liability company is a citizen of any state of which a member of the company is a citizen"); *see also* 28 U.S.C. § 1332(c)(1). Thus, Searle is not now, nor was it at the time of filing this action a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. §1332(c)(1).

9.     In 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. *Cf.* Compl. ¶ 5. As stated in Paragraph 4, *supra*, Pharmacia is (and was at the time of the filing of this action) a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Accordingly, Defendant Monsanto Company, is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

B GSH 749241 v1
2902026-000071 6/11/2007

10.    The Complaint also names George A. Fields, Shad Fleeman, George Robinson, and Robert L. Vandelune, pharmaceutical representatives, otherwise designated above as the "Detailer Defendants", and alleges that they are each a "resident" of the State of Alabama. *See* Compl. ¶¶ 7, 8, 9, and 10.    Even assuming *arguendo* that one or more of the Detailer Defendants is an Alabama citizen, their presence does not destroy diversity jurisdiction because the Detailer Defendants are fraudulently and improperly joined and/or misjoined in an attempt to defeat diversity and prevent removal.    As such, their citizenship is disregarded in determining whether diversity jurisdiction exists.    *See*, *e.g.*, *Legg*, 428 F.3d at 1325; *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

11.    The Complaint also names Colburn's Northport Pharmacy, Inc., otherwise designated above as the "Pharmacy" defendant, which is alleged to be an Alabama corporation with its principal place of business in Alabama. *See* Compl. ¶ 11.    Even assuming that the Pharmacy defendant is an Alabama citizen, *see* 28 U.S.C. § 1332(c)(1), as demonstrated below, because it is fraudulently and improperly joined, its citizenship is disregarded.

12.    The Complaint also purports to state claims against unnamed, fictitious defendants identified as defendants A through D.    *See* Caption of

9

the Complaint. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

## II.   THE DETAILER DEFENDANTS ARE FRAUDULENTLY JOINED.

13.    The doctrine of fraudulent or improper joinder prevents a plaintiff from defeating federal diversity jurisdiction by simply naming in-state defendants where there is no reasonable possibility the plaintiff can establish a cause of action against that resident defendant. *See, e.g., Triggs*, 154 F.3d at 1287; *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997); *Gordon*, 2006 WL 2337002 at *9 (finding "no reasonable possibility" that the plaintiff would be able to establish a cause of action against pharmaceutical sales representative thus dismissing him with prejudice) (attached hereto as Exhibit 4).

14.    To defeat a removing defendant's allegation that non-diverse parties have been fraudulently joined, plaintiffs must have a "reasonable basis" upon which they could recover against the non-diverse party; a "merely theoretical" basis is not enough. *Legg*, 428 F.3d at 1324-25 & n.5; *see also McCluskey*, slip op. at 7; *Gordon*, 2006 WL 2337002 at *2. Here, as in *Legg*, there is no "reasonable basis" that Plaintiff can establish a cause of action against the Detailer Defendants.

B GSH 749241 v1
2902026-000071 6/11/2007

15.    In *Legg*, plaintiffs brought a pharmaceutical product liability action in Alabama state court against several pharmaceutical companies and three pharmaceutical representatives.    Defendants removed the case to federal court contending that the plaintiffs fraudulently joined the pharmaceutical representatives.    Recognizing the improper "common strategy employed" in pharmaceutical product liability cases such as this in which plaintiffs "name local parties, often . . . local sales representatives, as defendants, thus defeating [a defendant's] right to remove a case to federal court," the Eleventh Circuit reiterated that the "removal process was created by Congress to protect defendants." *Id*. at 1320, 1325.    In *Legg*, as here, the Removing Defendants submitted sworn affidavits from defendant pharmaceutical representatives stating that they had detailed the drug in question to licensed healthcare providers and answered their questions based on information provided to them by their employer. *Id*. at 1321; *see* Affs. of George A. Fields, Shad Fleeman, Brian Robinson, and Robert L. Vandelune attached hereto as Exhibits 5, 6, 7, and 8.

16.    Applying Alabama law, the Eleventh Circuit found "no reasonable possibility" that the named pharmaceutical representatives could be found liable on plaintiffs' claims. *Legg*, 428 F.3d at 1324; *see also id*. at 1325 n. 5 (stating the potential for legal liability "must be reasonable, not

11

merely theoretical") (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).   The Eleventh Circuit emphasized:   "As the Supreme Court long ago admonished, 'the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court.'"   *Id.* at 1325 (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)).

17.    Fraudulent joinder may be shown by a lack of a factual or legal basis for a plaintiff's claims.   In this case, Plaintiff's claims fail for both reasons.   *See, e.g., Owens v. Life Ins. Co. of Ga.,* 289 F. Supp. 2d 1319, 1323-24 (M.D. Ala. 2003).

18.    Plaintiff asserts causes of action against defendants generally for negligence, defective design, strict product liability - failure to warn, breach of express warranty, breach of implied warranty, fraud, gross negligence and wrongful death.   Plaintiff appears to base his claims on the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").[2]   *See generally* Compl.   Although the Complaint scarcely references the Detailer Defendants and makes virtually all allegations against "Defendants" generically, Plaintiff's claims against the Detailer Defendants are based on

---

[2]  It appears that any negligence and defective design claims are brought pursuant to the AEMLD.  Even if they are not, however, they still fail.

their alleged role as a conduit for their employer.  But the law is well settled that "those who are only conduits through which faulty information is supplied by one person to a third person cannot be held liable for fraud unless they acted in bad faith."  *Legg*, 428 F.3d at 1324 (citing *Fisher v. Comer Plantation, Inc.*, 772 So.2d 455, 463 (Ala. 2000); *see e.g., McCluskey*, slip op. at 11-12 (finding "no reasonable basis" to predict that pharmaceutical detailers, who served as mere conduits for their employers, could be held liable under a fraud-based theory).   Because there is no reasonable possibility in law or fact that Plaintiff could recover against the Detailer Defendants, he has been fraudulently joined and their presence in this action cannot defeat removal.  This conclusion accords with the findings of numerous MDL and Alabama federal courts, which have held, in pharmaceutical product liability claims involving prescription medication, that plaintiffs cannot pursue claims against pharmaceutical representatives and that their joinder does not defeat diversity.[3]

---

[3] *See, e.g., Gordon, supra; Conner, supra; In re Prempro Prods. Liab. Litig. (Graham v. Wyeth)*, No. 4:03CV1507, 2006 WL 617981, at *1 (E.D. Ark. Mar. 8, 2006); *In re Baycol Prods. Liab. Litig.*, MDL 1431 (March. 26, 2004) (Exhibit ___); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp.2d 272, 287 (S.D.N.Y. 2001).

A.    **Plaintiff Fails To State Legally Cognizable Claims Against The Detailer Defendants.**

19.    Plaintiff fails to state any legally sufficient basis for relief against the Detailer Defendants.    *See, e.g., Legg*, 428 F.3d at 1324-25; *Crowe*, 113 F.3d at 1540.

1.    **Plaintiff Fails to State Legally Cognizable Claims Against The Detailer Defendants for Violation of the AEMLD or for Breach of Warranty.**

20.    Plaintiff cannot establish a viable claim against the Detailer Defendants for violation of the AEMLD or for breach of express or implied warranty because pharmaceutical representatives are not the requisite manufacturers or sellers of prescription medicines.    *See, e.g., Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987).    To establish liability under the AEMLD, "the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product."    *Id.* (citing *Atkins v. American Motors Corp.*, 335 So. 2d 134 (Ala. 1976)).    "[P]harmaceutical representatives are not considered sellers or distributors under Alabama law" of the prescription drugs they detail.    *Gordon*, 2006 WL 2337002 at *7; *see e.g., McCluskey, slip op.* at 9-11 (same); *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 287 (S.D.N.Y. 2001) (same); Affs. of George A. Fields, Shad Fleeman, Brian Robinson, and Robert L. Vandelune ¶¶ 6, 7 (declaring that affiant had no role in the manufacture or sale of Celebrex®).

14

21.    Nor can Plaintiff state a claim for breach of express or implied warranty against the Detailer Defendants because they are not "sellers" under Alabama law. *See* Ala. Code §§ 7-2-313(1), 7-2-314(1), 7-2-315, 7-2-103(1)(d) (express and implied warranty claims refer to the creation of warranties by the "seller"); *Gordon*, 2006 WL 2337002 at *7 ("[B]ecause pharmaceutical representatives are not considered sellers or distributors under Alabama law, [the detailer] cannot be liable as a warrantor of Bextra under claims for breach of warranty."); *Rezulin*, 133 F. Supp. 2d at 286 ("seller" who makes warranties about a prescription medicine is the "pharmaceutical manufacturer," and not the pharmaceutical representative); *e.g.*, George Fields, Shad Fleeman, Brian Robinson, and Robert Vandelune Affs. ¶ 7. Accordingly, the Detailer Defendants cannot be liable under the AEMLD or a warranty theory.

### 2.    Plaintiff Fails to Establish Legally Cognizable Claims for Failure to Warn.

22.    Plaintiff's failure to warn claims likewise fail. First, in products liability actions premised on a negligence (or wantonness) theory, "[t]he defendant must be either the manufacturer or seller of the injury-producing article." *Norton Co. v. Harrelson*, 176 So. 2d 18, 20 (Ala. 1965). As explained above, pharmaceutical representatives in general, and the Detailer Defendants in particular, are neither manufacturers nor sellers of

15

prescription medicines.  *See* § I(A)(1), *supra*; George A. Fields, Shad Fleeman, Brian Robinson, and Robert L. Vandelune Affs. ¶¶ 6, 7.  Second, under Alabama law, a prescription drug manufacturer satisfies its duty to warn under the AEMLD or negligent failure to warn claims by distributing an adequate warning to the prescribing physician.  *See, e.g., Stone v. Smith, Kline & French Labs*, 447 So. 2d 1301, 1305 (Ala. 1984) (holding that an adequate warning to the prescribing physician, but not to the ultimate consumer, is sufficient as a matter of law to avoid liability under the AEMLD in the case of prescription drug); *Gurley v. American Honda Motor Co.*, 505 So. 2d 358, 361 (Ala. 1987) (holding that, as a matter of law, a manufacturer cannot be held liable for negligent failure to warn where it distributed the product with reasonable warnings); *Purvis v. PPG Indus., Inc.*, 502 So. 2d 714 (Ala. 1987).

23.  Stated simply, under Alabama law, pharmaceutical representatives have no duty to warn plaintiffs directly.  As another court has remarked in this context, there is "no authority for the proposition that the sales representatives, as opposed to the manufacturer, had any duty to warn" and, as noted, "any duty to warn that it or its sales representatives had was owed not to Plaintiffs, but to Plaintiffs' physicians" under the learned intermediary doctrine.  *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525

16

(S.D. Miss. 2000) ("Plaintiffs have no cause of action against the named sales representatives for failure to warn.") (citing *Wyeth Labs., Inc. v. Fortenberry*, 530 So. 2d 688, 691 (Miss. 1988) (denying motion to remand an action naming the manufacturer and non-diverse pharmaceutical representatives as defendants); *see Rezulin*, 133 F. Supp. 2d at 282.

24.    Further, as addressed below, Plaintiff's Complaint fails to state sufficient facts to support a failure to warn claim against the Detailer Defendants for failing to warn Plaintiff, Plaintiff's deceased, or her physician.  Plaintiff fails to allege any facts to demonstrate that the Detailer Defendants had any knowledge or information independent of the information contained in the FDA-approved physician package insert which they had an obligation to disclose to Plaintiff's prescribing physician.  To the contrary, he had none.   *See* George A. Fields, Shad Fleeman, Brian Robinson, and Robert L. Vandelune Affs. ¶ 4.  Consequently, in no event could Plaintiff state a cognizable cause of action against the Detailer Defendants for failure to warn Plaintiff, Plaintiff's deceased, or her physician.

### 3.    Plaintiff's Fraud-Based Claims Fail.

25.    Plaintiff also cannot sustain his claims against the Detailer Defendants for fraud because the Complaint fails to comply with the

17

"particularity" requirement of Rule 9(b). *See* Fed. R. Civ. P. 9(b) (requiring that allegations of fraud be stated with particularity); Ala. R. Civ. P. 9(b), comment (stating that the Alabama rule is identical to the federal rule). Particularity "requires a plaintiff in pleading fraud to distinguish among defendants and specify their respective role in the alleged fraud." *Gordon*, 2006 WL 2337002 at *6; *see also Lyons v. American Tobacco Co.*, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (observing that there is "no better admission of fraudulent joinder" of a non-diverse defendant than a plaintiff's failure "to set forth any specific factual allegations" against that defendant). Thus, a plaintiff must allege the time, place, content and speaker of the allegedly fraudulent misrepresentations. *McAllister Towing & Trans. Co. v. Thorn's Diesel Serv. Inc.*, 131 F. Supp. 2d 1296, 1302 (M.D. Ala. 2001); *Estate of Scott v. Scott*, 907 F. Supp. 1495, 1498 (M.D. Ala. 1995); see Ala. R. Civ. P. 9(b), Committee Comments on 1973 Adoption, Subdivision (b) (stating plaintiff must show the "time, place and the contents or substance of the false representation, the fact misrepresented, and an identification of what has been obtained"). Mere "general allegations do not meet the Rule 9(b) requirements." *Rezulin*, 133 F. Supp. 2d at 284.

26.    Plaintiff fails to plead with the requisite particularity. Plaintiff merely alleges generically that "Defendants deliberately and intentionally

B GSH 749241 v1
2902026-000071 6/11/2007

misrepresented to, and omitted and/or concealed material facts from, consumer, including Decedent, and prescribing physicians, that Defendants; product Celebrex was safe when used as intended." Compl. ¶ 111. The Complaint fails to specify time, place, or content of *any* particular representations made by the Detailer Defendants. Nor does the Complaint name the prescribing physician to whom the allegedly fraudulent misrepresentations were made. Because Plaintiff fails to plead these fraud-based claims with the requisite particularity, Plaintiff cannot state a claim. *See United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) ("this Court has endorsed the dismissal of pleadings for failing to meet Rule 9(b)'s standards"); *Gordon*, 2006 WL 2337002 at *7 ("Here, Plaintiff's allegations fail to allege the essential elements of fraud and misrepresentation."); *Mixon v. Cason*, 622 So. 2d 918, 920 (Ala. 1993) ("The plaintiff did not plead with the specificity required by Rule 9(b)" and "the trial court properly dismissed"). As with all other generally pled allegations against the "Defendants" throughout the Complaint, Plaintiff's failure to plead with specificity against any party-defendant makes it unclear whether the fraud references in the Complaint also include allegations against the Pharmacy. Assuming that to be the case, however, the Removing Defendants contend that the above argument also applies to the Pharmacy.

27.    Further, Plaintiff's fraud-based claims fail because the Detailer Defendants' knowledge about the alleged benefits and risks of the prescription medication Celebrex® came from their employer and the FDA-approved labeling, and therefore lacked the required personal culpability in the alleged fraud. *See* George A. Fields, Shad Fleeman, Brian Robinson, and Robert L. Vandelune Affs. ¶ 4; *Legg*, 428 F.3d at 1324 (under Alabama law, a sales representative cannot be held liable unless he "personally participate[d] in the tort") (quoting *Turner v. Hayes*, 719 So. 2d 1184, 1188 (Ala. Civ. App. 1997)); *McCluskey*, slip op. at 11-12 (holding that there was "no reasonable basis" to predict that pharmaceutical detailers, who served as mere conduits for their employers, could be held liable under a fraud-based theory).

**B.    No Factual Basis Exists For Plaintiff's Claims Against The Detailer Defendants.**

28.    In addition to there being no legal basis for Plaintiff's claims, there is likewise no factual basis for them. *See, e.g.*, George A. Fields, Shad Fleeman, Brian Robinson, and Robert L. Vandelune Affs. ¶¶ 4, 8, 9; *Legg*, 428 F.3d at 1324-25 (grounding fraudulent joinder analysis on similar sales representative's affidavit).

29.    Notwithstanding Plaintiff's boilerplate allegations, there is no factual basis for his claims against the Detailer Defendants.  The Detailer

20

Defendants never met with the Plaintiff or Plaintiff's deceased, *see* George A. Fields, Shad Fleeman, Brian Robinson, and Robert L. Vandelune Affs. ¶ 9, nor have they ever made any presentations to the general public *see id.* ¶ 8. They have played no role in developing Celebrex® or disseminating information about the medication beyond that provided them by their employer. *Id.* ¶ *4.* Further, the Complaint fails to allege what information the Detailer Defendants allegedly misrepresented to or concealed from Plaintiff, Plaintiff's deceased, or her prescribing physician. *See,* e.g., Compl. ¶ 110; *see generally Rezulin*, 168 F. Supp. 2d at 140 (finding fraudulent joinder where such specific allegations are lacking). In light of all these facts, Plaintiff has no "reasonable possibility" for recovery, and the Detailer Defendants are fraudulently joined. *See Legg*, 428 F.3d at 1324-25 (grounding fraudulent joinder analysis on sales representative's affidavit); *see also,* e.g., *Gordon,* 2006 WL 2337002 at *7 ("Without any competent evidence that [the detailer] made knowing misrepresentations or acted in bad faith – and particularly in light of [his] statement that he had no specialized knowledge about Bextra and relied entirely on information provided to him by Pfizer – there is 'no reasonable possibility' that an Alabama court would conclude that he is liable for fraud or misrepresentation") (quoting *Legg*, 428 F.3d 1324).

30.    Thus, no factual or legal basis exists for Plaintiff's claims against the Detailer Defendants.  They are fraudulently joined and their citizenship cannot destroy this Court's diversity jurisdiction.

## III.    THE PHARMACY DEFENDANT IS FRAUDULENTLY JOINED.

31.    The Pharmacy defendant is fraudulently joined.  Plaintiff has failed to state in the Complaint any legally sufficient claim for relief against the Pharmacy defendant under Alabama law.  Plaintiff alleges that the Pharmacy defendant "sold Celebrex to the Decedent in the regular course of its business."  Compl. ¶ 11.  Plaintiff does not allege that the Pharmacy incorrectly filled, dispensed, or labeled the prescribing doctor's Celebrex prescription. .

32.    In substantially similar circumstances, numerous Alabama courts have held that an Alabama pharmacy was fraudulently joined in an action against the out-of-state drug manufacturer, because the plaintiff could not establish a cause of action against the pharmacy under Alabama law. *See, e.g., Hester v. Bayer Corp.*, No. 01-D-1301-N, slip op. at 6-8 & n.1 (M.D. Ala. Dec. 21, 2001) (denying remand, holding that pharmacy defendant was fraudulently joined, and citing "numerous" Alabama cases refusing to extend liability to pharmacy defendants given the application of the learned intermediary doctrine) (Exhibit __); *Sanks v. Parke-Davis*, No.

22

00-S-1122-E, 2000 WL 33910097, at *3-*4 (M.D. Ala. Nov. 2, 2000) (same); *Lansdell v. American Home Prods*., No. 99-S-2110-NE, 1999 WL 33548541, at *4-*7 (N.D. Ala. Oct. 26, 1999) (dismissing claims against pharmacy under learned intermediary doctrine).  This principle is widely recognized in other jurisdictions as well.  *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 288-92 (S.D.N.Y. 2001) (MDL court concluding that claims against pharmacies in Alabama, Mississippi, Louisiana, Texas, and West Virginia did not defeat diversity jurisdiction because they "fail[ed] to state any legally sufficient claim for relief . . . and thus present no reasonable possibility of recovery against" the pharmacy defendants).

33.    Under Alabama Law, in order to maintain a claim against a pharmacy or pharmacist, a complaint must state an allegation that the pharmacy or pharmacist incorrectly filled, dispensed, or labeled a prescription.  For example, in *Sanks*, the plaintiff sued a drug manufacturer, pharmacy, and others for injuries allegedly caused by the prescription drug Rezulin due to the defendants' alleged failure to warn of the drug's potential side-effects.  *Sanks*, 2000 WL 33910097, at *4.  The district court held that the pharmacy was fraudulently joined because the complaint did not contain any allegation that the pharmacy incorrectly filled, dispensed, or labeled the

23

plaintiff's prescription. *Id.* The court stated, "Under Alabama law, this absence is fatal to [plaintiff's] claim against [the pharmacy] because a pharmacy or pharmacist who correctly fills a prescription in strict accordance with the prescribing physician's direction is protected by the learned intermediary doctrine and is not required to warn patients of potential adverse side effect." *Id.* (citing *Lansdell* (dismissing claims against pharmacist under the learned intermediary doctrine based upon implicit holding of *Stafford v. Nipp*, 502 So. 2d 702 (Ala. 1987)), *Harrell v. Wyeth-Ayerst Lab. Inc.*, 1999 WL 33548540, No. Civ.A. 98-1194BHM (S.D. Ala Feb. 1, 1999), and *Orr v. Wyeth-Ayerst Lab. Co.,* No. CV-98-3000-DIET (Circuit Court of Mobile County, Ala. Aug. 2, 1999)).

34.    Here as well, Plaintiff makes no allegation that the Pharmacy failed to properly fill, dispense, or label prescriptions purchased by Plaintiff or Plaintiff's deceased, which according to Alabama law, is fatal to Plaintiff's claim against the Pharmacy.    As such, the Pharmacy is fraudulently joined and its presence does not destroy this Court's diversity jurisdiction.

35.    In addition, plaintiff's claims against the Pharmacy defendant (as well as against the Detailer Defendants) are barred by the statute of limitations. Under Alabama law, " ' An action alleging negligence . . . or

24

liability under the AEMLD must be brought within two years after the cause of action accrued.'" *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 125 (Ala. 2003) (quoting *Smith v. Medtronic, Inc.*, 607 So. 2d 156, 159 (Ala. 1992)); Ala. Code § 6-2-38(*l*) ("All actions for any injury to the person or rights of another not arising from contract . . . must be brought within two years"). "At the time of the first legal injury, the period of limitations begins to run, whether or not the full amount of damages is apparent." *Smith*, 607 So. 2d at 159. Plaintiff alleges that his decedent "suffered a severe adverse skin reaction" and was admitted to the hospital on April 16, 2005. Compl. ¶ 22. Plaintiff did not file this suit until April 21, 2007, more than two years later and after the statute of limitations had expired. Accordingly, plaintiff's claims are time-barred.

## IV.    PROCEDURAL REQUIREMENTS FOR REMOVAL

36.    All other procedural requirements for removal have been met. On May 13, 2007, Defendants Pfizer and Pharmacia were served with a copy of the Summons and Complaint, and on May 11, 2007, Defendant Robert Vandelune received service of same. This Notice of Removal is being filed within 30 days of the service of the Complaint and is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty day time

period under the removal statute begins to run from the date of formal service). All properly joined Defendants have consented to this Notice of Removal. 28 U.S.C. § 1446(a); *see Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1222 n.3 (M.D. Ala. 1999) (fraudulently or improperly joined defendants need not consent to removal). Although their consent is not necessary because they have been fraudulently and improperly joined, the Detailer Defendants, who are represented by the undersigned, nonetheless consent in this removal.

37.    The United States District Court for the Northern District of Alabama, embraces the county in which the state court action is now pending and thus this Court is a proper forum for this action pursuant to 28 U.S.C. § 81(a)(3) and 1441(a).

38.    Copies of all process, pleadings and orders are collectively attached to this Notice of Removal at Exhibit 9 pursuant to 28 U.S.C. §1446(a).

39.    Defendants are filing written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). Copies of the Notice of Filing Notice of Removal together with a copy of this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

40.    If any question arises to the propriety of the removal of this action, Removing Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, Removing Defendants respectfully remove this action from the Circuit Court of Tuscaloosa County, Alabama, bearing case No. CV-2007-900125, to this Court, pursuant to 28 U.S.C. § 1441.

Dated June 11, 2007.

Lawrence B. Clark
G. Steven Henry
Attorneys for Defendants

OF COUNSEL:
BARKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Wachovia Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone:  (205) 328-0480
Facsimile:   (205) 322-8007

B GSH 749241 v1
2902026-000071 6/11/2007

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that a true and correct copy of the foregoing was filed via CM/ECF system on June 11, 2007, to the following counsel of record:

Jere L. Beasley
Andy Birchfield, Jr.
Navan Ward, Jr.
Andy D. Birchfield, Jr.
Gerald B. Taylor, Jr.
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

Of Counsel

28

B GSH 749241 v1
2902026-000071 6/11/2007