FILED

2007 Jun-13  PM 02:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| MICHAEL ALLEN, as the Administrator of the Estate of NINA EARLINE RATLIFF, deceased, ) ) ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No.:_____ |
| v. ) ) | |
| PFIZER INC., PHARMACIA CORPORATION, MONSANTO COMPANY, G.D. SEARLE LLC, GEORGE A. FIELDS, SHAD FLEEMAN, BRIAN ROBINSON, ROBERT L. VANDELUNE, and COLBURN'S NORTHPORT PHARMACY, and Fictitious Defendants A, B, C, and D, ) ) ) ) ) ) ) ) ) ) ) | Jury Trial Demanded |
| Defendants. | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S

## COMPLAINT

NOW COME Defendants Pfizer Inc. ("Pfizer"), Pharmacia Corporation

(f/k/a Monsanto Company[1]) ("Pharmacia") and G.D. Searle LLC ("Searle"),

---

[1] Plaintiff's Complaint names "Monsanto Company" as a defendant. Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Celebrex®. Given that Plaintiff alleges in his Complaint that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFF'S

George A. Fields, Brian Robinson, and Robert L. Vandelune, (collectively "Defendants") and file this their Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.
## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Decedent Nina Earline Ratliff ("Decedent") was prescribed or used Celebrex®. Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Decedent was prescribed and used Celebrex®.

## II.
## ORIGINAL ANSWER
### Response to Allegations Regarding Parties

1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny that Plaintiff is entitled to any relief or damages. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

---

COMPLAINT at ¶ 5, Defendants assume Plaintiff means to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and whether Plaintiff is the duly appointed Administrator of the Estate of Nina Earline Ratliff, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants admit that Plaintiff claims Decedent was a resident of Tuscaloosa County. Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

3.      Answering the second Paragraph 3 of the Complaint, Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois and that Searle is registered to do business in Alabama.  Defendants admit that Searle may be served through its registered agent.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law

authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey, and that it is registered to do business in Alabama. Defendants admit that Pharmacia may be served through its registered agent. Defendants admit that, during certain periods of time, Pharmacia co-promoted and marketed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this Paragraph of the Complaint.

5.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Celebrex®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever

manufactured, marketed, sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter. Defendants deny the remaining allegations in this paragraph of the Complaint. Defendants state that the response to this paragraph of the Complaint regarding Monsanto is incorporated by reference in each and every paragraph of the Complaint referring to Monsanto and/or Defendants.

6.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York, and that Pfizer is registered to do business in Alabama. Defendants admit that Pfizer may be served through its registered agent. Defendants admit that Pfizer may be served through its registered agent. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

7.      Defendants admit that George A. Fields was a sales representative for Pfizer. Defendants admit that George A. Fields is a citizen of Alabama. Defendants state that Plaintiff's allegation regarding course and scope of employment is a legal conclusion to which no response is required. Defendants deny the remaining allegations in this paragraph of the Complaint.

8.     Defendants admit that Shad Fleeman is a sales representative for Pfizer. Defendants deny that Shad Fleeman is a citizen of Alabama.  Defendants state that Plaintiff's allegation regarding course and scope of employment is legal conclusion to which no response is required.  Defendants deny the remaining allegations in this paragraph of the Complaint.

9.     Defendants admit that Brian Robinson was sales representative for Pfizer. Defendants admit that Brian Robinson is a citizen of Alabama.  Defendants state that Plaintiff's allegation regarding course and scope of employment is legal conclusion to which no response is required.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10.    Defendants admit that Robert L. Vandelune is a sales representative for Pfizer.  Defendants admit that Robert L. Vandelune is a citizen of Alabama. Defendants state that Plaintiff's allegation regarding course and scope of employment is legal conclusion to which no response is required.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Northport Pharmacy Inc.'s citizenship and whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that the remaining allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no

response is required.

12.    Defendants deny the allegations in this paragraph of the Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's citizenship and the venue in which Plaintiff's claims allegedly arose, and, therefore, deny the same.    Defendants deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Alabama, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

remaining allegations in this paragraph of the Complaint.

15.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Alabama, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding

whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that the remaining allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.

19. Defendants deny that Celebrex® is defective, deny any wrongful conduct, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Factual Allegations

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Decedent's medical condition and whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

21. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was

and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Decedent's medical condition and whether Decedent used Celebrex® and, therefore, deny the same. Any attempt to characterize the report is denied. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Decedent's medical condition and whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants state that, to the extent that allegations in this paragraph of the Complaint refer to Northport Pharmacy, Inc. ("Northport"), such allegations are not directed toward Defendants and, therefore, no response is required. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported

with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

26.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27.    Defendants state that, to the extent that allegations in this paragraph of the Complaint refer to Northport, such allegations are not directed toward Defendants

and, therefore, no response is required. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

28.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or

damage, and deny the remaining allegations in this paragraph of the Complaint.

30.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

32.    The allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendants deny the remaining allegations in this paragraph of the Complaint.

33.    The allegations in this paragraph of the Complaint are not directed towards Defendant and, therefore, no response is required.  To the extent a response is deemed required, Defendant state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiff fails to provide the proper

context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

34.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

35.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

36.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

37.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.    Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants admit that a New Drug Application for Celebrex® was filed with the FDA on June 29, 1998.    Defendants admit that Celebrex® received FDA approval on December 31, 1998.    Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States to be prescribed by

healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to

characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants state that the referenced FDA Updates speak for themselves and respectfully refer the Court to the FDA Updates for their actual language and text. Any attempt to characterize the FDA Updates is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations in this paragraph of the Complaint.

44.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations in this paragraph of the Complaint.

45.     Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  As for the allegations in this paragraph of the Complaint regarding the CLASS study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

48.     Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA for the supplemental NDA submitted for Celebrex®.  Defendants assert that the Medical Officer Review speaks for itself and any

attempt to characterize it is denied.  As for the allegations in this paragraph of the Complaint regarding the CLASS study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants admit that a FDA Arthritis Advisory Committee meeting was held February 7-8, 2001.  Defendants refer to the FDA Arthritis Advisory Committee findings, which speak for themselves, and any attempt to characterize them is denied.  As for the allegations in this paragraph of the Complaint regarding the CLASS study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  As for the allegations in this paragraph of the Complaint regarding the CLASS study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for t actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  As for the allegations in this paragraph of the Complaint regarding the CLASS study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants refer to the Medical Officer Review dated September 20, 2000, which speaks for itself, and any attempt to characterize it is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack

sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.    Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

57.    Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" contained in this paragraph of the Complaint.    Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.    As for the allegations in this paragraph of the Complaint regarding the CLASS study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.    Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants admit that there was a clinical trial called APC.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants refer to the Alert for Healthcare Professional issued by the FDA on  April 7, 2005, which speaks for itself, and any attempt to characterize it is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants refer to the Medical Officer Review dated September 20, 2000, which speaks for itself, and any attempt to characterize it is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint

regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.   Any attempt to characterize the article is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants refer to the October 6, 1999, April 6, 2000, and November 14, 2000 letters issued by the Division of Drug Marketing, Advertising and Communications (DDMAC), which speak for themselves, and any attempt to characterize them is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants refer to a February 2001, letter issued by DDMAC, which speaks for itself and any attempt to characterize it is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in

this paragraph of the Complaint.

69.    Defendants refer to the January 10, 2005, letter issued by DDMAC, which speaks for itself and any attempt to characterize it is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States to be prescribed by

healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

72.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

73.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported

with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

77.     Defendants deny the allegations in this paragraph of the Complaint.

78.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

79.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct

and deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

81.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

82.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants state that Celebrex® was and is safe and effective when used in

accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. As for the allegations in this paragraph of the Complaint regarding the CLASS study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**<u>Response to First Cause of Action: Strict Products Liability – Failure to Warn</u>**

86.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

87.     Defendants state that, to the extent that allegations in this paragraph of the Complaint refer to Northport, such allegations are not directed toward Defendants and, therefore, no response is required.  Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.   To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are

adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

89.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

90.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but

deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

92.     Defendants deny the allegations in this paragraph of the Complaint.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times

-36-

adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

94.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

<u>**Response to Second Cause of Action:**</u>

<u>**Strict Products Liability – Defective in Design or Manufacture**</u>

95.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

96.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

accordance with their approval by the FDA. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

97.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that Celebrex® was expected to reach consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

99.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

100.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

101.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably  dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

102.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

103.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® is defective or unreasonably  dangerous, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

104.   Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

105. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

106. Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

107. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Third Cause of Action: Fraud

108. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

109. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of

time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

110. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

111. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times

adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

112. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

113. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

114. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

115. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state

that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

118. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Fourth Cause of Action: Breach of Implied Warranty

119. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

120.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

121.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that Pfizer, Pharmacia, and Searle provided FDA-approved prescribing information for Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

122.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

123. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

125. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that

Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

126.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## **Response to Fifth Cause of Action: Breach of Express Warranty**

127.  Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

128.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that Pfizer, Pharmacia, and Searle provided FDA-approved prescribing information for Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

129.  Defendants state that Celebrex® was and is safe and effective when used in

accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

130.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Negligence**

131.  Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

132.  Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing

information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

133. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

134. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny breaching any duty, deny any wrongful conduct and deny the remaining

allegations in this paragraph of the Complaint, including all subparts.

135.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

136.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

137.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

138.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times

adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage the remaining allegations in this paragraph of the Complaint.

140. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

141. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Seventh Cause of Action: Gross Negligence

142. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

143. Defendants state that this paragraph of the Complaint contains legal

contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

144. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

145. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including

all subparts.

146.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

147.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

148.   Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

149. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

150. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and,

therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

151.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Eighth Cause of Action: Wrongful Death

152.   Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

153.   Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.

154.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and,

therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

155. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff, Decedent, or Decedent's lawful beneficiaries injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

156. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Prayer for Relief

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in Plaintiff's Prayer for Relief.

## III.

## GENERAL DENIAL

Defendants deny the allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

## IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products.  Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.     At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.     At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.     Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendants.

### Sixth Defense

6.     Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.     Plaintiff's claims against Defendants are barred to the extent Plaintiff and/or Decedent was contributorily negligent, actively negligent or otherwise failed to mitigate her damages, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants is not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff and Decedent were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to the Plaintiff or Decedent.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product.  Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession,

which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician.   Celebrex® provided an adequate warning to Decedent's treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the

control of Defendants and any liability of Defendants is therefore barred.

### Seventeenth Defense

17.    Plaintiff's and Decedent's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

### Ninetieth Defense

19.    Plaintiff and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat.

1040, 21 U.S.C. § 301.

## Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

## Twenty-third Defense

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

## Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

## Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

## Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn

claim because Celebrex® is a prescription pharmaceutical drug and falls within the

ambit of Restatement (Second) of Torts § 402A, Comment k.

## Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject

pharmaceutical product at issue "provides net benefits for a class of patients"

within the meaning of Comment f to § 6 of the Restatement (Third) of Torts:

Products Liability.

## Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of

Torts: Products Liability.

## Twenty-ninth Defense

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed

to plead facts sufficient under the law to justify an award of punitive damages.

## Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendants'

rights to procedural due process under both the Fourteenth Amendment of the

United States Constitution and Article I, § 17 of the Constitution of the State of

Alabama, and would additionally violate Defendants' right to substantive due

process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Alabama law.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiff and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation. Ala. Code § 7-2-607

### Thirty-sixth Defense

36.    To the extent that Plaintiff's claims are based on a theory providing for

liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Alabama.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if

any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff or Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Further, Plaintiff's claims for punitive damages are limited under Alabama state statutes and the decisions of Alabama state courts.

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case,

included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiff and Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff and Decedent, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff or Decedent.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not

limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the

United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.  Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.    The imposition of punitive damages pursuant to current Alabama law violates the Due Process and Equal Protection provisions of the Fourteenth

Amendment to the United States Constitution; to wit, Defendants have not been given fair notice of the standard of conduct which could subject them to a claim for punitive damages, and have not been given fair notice of the amount of punitive damages that may accompany a finding of liability. Alabama's current laws regarding punitive damages do not serve a rational or legitimate state interest.

### Fifty-sixth Defense

56.     Defendants reserve the right to supplement their assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

### V.

### JURY DEMAND

Defendants hereby demand a trial by jury.

### VI.

### PRAYER

WHEREFORE, Defendants pray that Plaintiff take nothing by his suit; that Defendants be discharged with their costs expended in this matter, and for such other and further relief to which it may be justly entitled.

Dated: _____ 11 , 2007.                    _____
                                               Lawrence B. Clark
                                               G. Steven Henry

OF COUNSEL:
BARKER, DONELSON, BEARMAN,                     *Attorneys for Defendants*
CALDWELL & BERKOWITZ, P.C.
Wachovia Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed via CM/ECF on this ___ day of June, 2007, to the following counsel of record:

Jere L. Beasley
Andy Birchfield, Jr.
Navan Ward, Jr.
Gerald B. Taylor, Jr.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103

*Attorneys for Plaintiff*