FILED
2007 Jun-29  PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

MICHAEL A. ALLEN as the
Administrator of the Estate of NINA
EARLINE RATLIFF, deceased

Plaintiff,

v.                                            CASE NO:  CV-07-CO-1100-W

PFIZER INC., PHARMACIA
CORPORATION, MONSANTO
COMPANY, G.D. SEARLE, LLC,
GEORGE A. FIELDS, SHAD FLEEMAN,
BRIAN ROBINSON, ROBERT L.
VANDELUNE, COLBURN'S NORTH
PHARMACY, INC.

Defendants.

### ANSWER OF COLBURN'S NORTHPORT PHARMACY

Defendant Colburn's Northport Pharmacy ("CNP"), through its undersigned

counsel, hereby answers the Complaint filed by Plaintiff using the same paragraph

numbering sequence found therein:

1.      CNP is without knowledge or information sufficient to form a belief

concerning the averments contained in Paragraph 1 of the Complaint, and they are

therefore denied.

2.      CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 2 of the Complaint, and they are therefore denied.

3.      CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 3 of the Complaint, and they are therefore denied.

3.(sic) CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 3 of the Complaint, and they are therefore denied.

4.      CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 4 of the Complaint, and they are therefore denied.

5.      CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 5 of the Complaint, and they are therefore denied.

6.      CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 6 of the Complaint, and they are therefore denied.

\B GSH 750905 v1
2902026-000071 6/29/2007

7.      CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 7 of the Complaint, and they are therefore denied.

8.      CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 8 of the Complaint, and they are therefore denied.

9.      CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 9 of the Complaint, and they are therefore denied.

10.     CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 10 of the Complaint, and they are therefore denied.

11.     Admitted.

12.     Denied.

13.     CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 13 of the Complaint, and they are therefore denied.

14.     CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 14 of the Complaint, and they are therefore denied.

\B GSH 750905 v1
2902026-000071 6/29/2007

15.     CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 15 of the Complaint, and they are therefore denied.

16.     CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 16 of the Complaint, and they are therefore denied.

17.     CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 17 of the Complaint, and they are therefore denied.

18.     CNP admits that it is located and does business in Tuscaloosa County, and has sold Celebrex.  CNP denies that it "marketed" or "promoted" the product.

19.     Denied.

20.     CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 20 of the Complaint, and they are therefore denied.

21.     Denied.

22.     Denied.

23.     CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 23 of the Complaint, and they are therefore denied.

\B GSH 750905 v1
2902026-000071 6/29/2007

24.     Denied.

25.     CNP denies the averments of Paragraph 25 of the Complaint in that it was not authorized to undertake testing as referenced.  The averments are therefore denied.

26.     CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 26 of the Complaint, and they are therefore denied.

27.     Denied.

28.     Denied.

29.     CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 29 of the Complaint, and they are therefore denied.

30.     CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 30 of the Complaint, and they are therefore denied.

31.     Denied.

32.     The averments of Paragraph 32 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test

the product(s) to which Plaintiff refers, but rather filled prescriptions with

pharmaceutical products properly prescribed after appropriate approval.  The

averments are therefore denied.

33.    The averments of Paragraph 33 of the Complaint contain statements

of fact and/or belief by Plaintiff that are either too general or subjective in nature as

stated and/or too broadly applied to "Defendants" for CNP to determine the

direction or intent of the allegations(s).  CNP did not create, manufacture or test

the product(s) to which Plaintiff refers, but rather filled prescriptions with

pharmaceutical products properly prescribed after appropriate approval.  The

averments are therefore denied.

34.    The averments of Paragraph 34 of the Complaint contain statements

of fact and/or belief by Plaintiff that are either too general or subjective in nature as

stated and/or too broadly applied to "Defendants" for CNP to determine the

direction or intent of the allegations(s).  CNP did not create, manufacture or test

the product(s) to which Plaintiff refers, but rather filled prescriptions with

pharmaceutical products properly prescribed after appropriate approval.  The

averments are therefore denied.

35.    The averments of Paragraph 35 of the Complaint contain statements

of fact and/or belief by Plaintiff that are either too general or subjective in nature as

stated and/or too broadly applied to "Defendants" for CNP to determine the

direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

36.    The averments of Paragraph 36 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

37.    Denied.

38.    The averments of Paragraph 38 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

39.    Denied.

\B GSH 750905 v1
2902026-000071 6/29/2007

40.    Denied.

41.    The averments of Paragraph 41 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

42.    The averments of Paragraph 42 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

43.    Denied.

44.    Denied.

45.    The averments of Paragraph 45 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the

direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

46.     The averments of Paragraph 46 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

47.     Denied.

48.     The averments of Paragraph 48 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

\B GSH 750905 v1
2902026-000071 6/29/2007

49.    The averments of Paragraph 49 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

50.    The averments of Paragraph 50 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

51.    The averments of Paragraph 51 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with

\B GSH 750905 v1
2902026-000071 6/29/2007

pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

52.     The averments of Paragraph 52 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

53.     The averments of Paragraph 53 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

54.     The averments of Paragraph 54 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test

11

the product(s) to which Plaintiff refers, but rather filled prescriptions with

pharmaceutical products properly prescribed after appropriate approval.  The

averments are therefore denied.

55.    The averments of Paragraph 55 of the Complaint contain statements

of fact and/or belief by Plaintiff that are either too general or subjective in nature as

stated and/or too broadly applied to "Defendants" for CNP to determine the

direction or intent of the allegations(s).  CNP did not create, manufacture or test

the product(s) to which Plaintiff refers, but rather filled prescriptions with

pharmaceutical products properly prescribed after appropriate approval.  The

averments are therefore denied.

56.    The averments of Paragraph 56 of the Complaint contain statements

of fact and/or belief by Plaintiff that are either too general or subjective in nature as

stated and/or too broadly applied to "Defendants" for CNP to determine the

direction or intent of the allegations(s).  CNP did not create, manufacture or test

the product(s) to which Plaintiff refers, but rather filled prescriptions with

pharmaceutical products properly prescribed after appropriate approval.  The

averments are therefore denied.

57.    The averments of Paragraph 57 of the Complaint contain statements

of fact and/or belief by Plaintiff that are either too general or subjective in nature as

stated and/or too broadly applied to "Defendants" for CNP to determine the

\B GSH 750905 v1
2902026-000071 6/29/2007

direction or intent of the allegations(s). CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval. The averments are therefore denied.

58.     The averments of Paragraph 58 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s). CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval. The averments are therefore denied.

59.     The averments of Paragraph 59 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s). CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval. The averments are therefore denied.

60.     The averments of Paragraph 60 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as

13

stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

61.    The averments of Paragraph 61 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

62.    The averments of Paragraph 62 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

\B GSH 750905 v1
2902026-000071 6/29/2007

63.     The averments of Paragraph 63 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

64.     The averments of Paragraph 64 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

65.     The averments of Paragraph 65 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with

\B GSH 750905 v1
2902026-000071 6/29/2007

pharmaceutical products properly prescribed after appropriate approval. The averments are therefore denied.

66.     The averments of Paragraph 66 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s). CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval. The averments are therefore denied.

67.     The averments of Paragraph 67 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s). CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval. The averments are therefore denied.

68.     The averments of Paragraph 68 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s). CNP did not create, manufacture or test

\B GSH 750905 v1
2902026-000071 6/29/2007

the product(s) to which Plaintiff refers, but rather filled prescriptions with

pharmaceutical products properly prescribed after appropriate approval.  The

averments are therefore denied.

69.    The averments of Paragraph 69 of the Complaint contain statements

of fact and/or belief by Plaintiff that are either too general or subjective in nature as

stated and/or too broadly applied to "Defendants" for CNP to determine the

direction or intent of the allegations(s).  CNP did not create, manufacture or test

the product(s) to which Plaintiff refers, but rather filled prescriptions with

pharmaceutical products properly prescribed after appropriate approval.  The

averments are therefore denied.

70.    The averments of Paragraph 70 of the Complaint contain statements

of fact and/or belief by Plaintiff that are either too general or subjective in nature as

stated and/or too broadly applied to "Defendants" for CNP to determine the

direction or intent of the allegations(s).  CNP did not create, manufacture or test

the product(s) to which Plaintiff refers, but rather filled prescriptions with

pharmaceutical products properly prescribed after appropriate approval.  The

averments are therefore denied.

71.    The averments of Paragraph 71 of the Complaint contain statements

of fact and/or belief by Plaintiff that are either too general or subjective in nature as

stated and/or too broadly applied to "Defendants" for CNP to determine the

\B GSH 750905 v1
2902026-000071 6/29/2007

direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

72.    The averments of Paragraph 72 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

73.    The averments of Paragraph 73 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

74.    The averments of Paragraph 74 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as

\B GSH 750905 v1
2902026-000071 6/29/2007

stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

75.    The averments of Paragraph 75 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

76.    The averments of Paragraph 76 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

\B GSH 750905 v1
2902026-000071 6/29/2007

77.    The averments of Paragraph 77 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    The averments of Paragraph 81 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

82.    Denied.

83.    Denied.

\B GSH 750905 v1
2902026-000071 6/29/2007

84.    The averments of Paragraph 84 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

85.    Denied.

86.    CNP adopts all prior responses as fully set forth herein.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    CNP adopts all prior responses as fully set forth herein.

96.    Denied.

97.    Admitted.

\B GSH 750905 v1
2902026-000071 6/29/2007

98.    Denied.

99.    Denied.

100.    CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 100 of the Complaint, and they are therefore denied.

101.    Denied.

102.    CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 102 of the Complaint, and they are therefore denied.

103.    CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 103 of the Complaint, and they are therefore denied.

104.    CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 104 of the Complaint, and they are therefore denied.

105.    CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 105 of the Complaint, and they are therefore denied.

\B GSH 750905 v1
2902026-000071 6/29/2007

106.  CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 106 of the Complaint, and they are therefore denied.

107.  Denied.

108.  CNP adopts all prior responses as fully set forth herein.

109.  CNP denies the averments of Paragraph 109 of the Complaint to the extent that all Defendants are alleged to have performed all things enumerated. The averments are therefore denied.

110.  Denied.

111.  Denied.

112.  Denied.

113.  Denied.

114.  Denied.

115.  CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 115 of the Complaint, and they are therefore denied.

116.  Denied.

117.  Denied.

118.  Denied.

119.  CNP adopts all prior responses as fully set forth herein.

23

120.   CNP denies the averments of Paragraph 120 of the Complaint to the extent that all Defendants are alleged to have performed all things enumerated. The averments are therefore denied.

121.   Denied.

122.   CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 122 of the Complaint, and they are therefore denied.

123.   Denied.

124.   CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 124 of the Complaint, and they are therefore denied.

125.   Denied.

126.   Denied.

127.   CNP adopts all prior responses as fully set forth herein.

128.   Denied.

129.   The averments of Paragraph 129 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with

\B GSH 750905 v1
2902026-000071 6/29/2007

pharmaceutical products properly prescribed after appropriate approval. The averments are therefore denied.

130.  Denied.

131.  CNP adopts all prior responses as fully set forth herein.

132.  Denied.

133.  Denied.

134.  Denied.

135.  Denied.

136.  Denied.

137.  Denied.

138.  Denied.

139.  CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 139 of the Complaint, and they are therefore denied.

140.  Denied.

141.  Denied.

142.  CNP adopts all prior responses as fully set forth herein.

143.  The averments of Paragraph 143 of the Complaint contain statements of fact and/or belief by Plaintiff that are either too general or subjective in nature as stated and/or too broadly applied to "Defendants" for CNP to determine the

direction or intent of the allegations(s).  CNP did not create, manufacture or test the product(s) to which Plaintiff refers, but rather filled prescriptions with pharmaceutical products properly prescribed after appropriate approval.  The averments are therefore denied.

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   CNP adopts all prior responses as fully set forth herein.

153.   CNP is without knowledge or information sufficient to form a belief concerning the averments contained in Paragraph 153 of the Complaint, and they are therefore denied.

154.   Denied.

155.   Denied.

156.   Denied.

\B GSH 750905 v1
2902026-000071 6/29/2007

157. As to that portion of the Complaint entitled "PRAYER FOR RELIEF," CNP denies that Plaintiff is entitled to any of the relief that he seeks.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendant affirmatively shows that:

### First Defense

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Other Defendants' labeling and warning of Celebrex® was in compliance with applicable federal law. Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

\B GSH 750905 v1
2902026-000071 6/29/2007

## Third Defense

3.      At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

## Fourth Defense

4.      At all relevant times, Defendant's warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was sold, and as commonly used in Defendant's trade.

## Fifth Defense

5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendant.

## Sixth Defense

6.      Plaintiff's action is barred by the statute of repose.

## Seventh Defense

7.      Plaintiff's claims against Defendant are barred to the extent Plaintiff and/or Decedent was contributorily negligent, actively negligent or otherwise failed to mitigate her damages, and any recovery by Plaintiff should be diminished accordingly.

28

## Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

## Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

## Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff and Decedent were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

## Eleventh Defense

11.     Defendant affirmatively denies that it violated any duty owed to the Plaintiff or Decedent.

## Twelfth Defense

12.     The law requires that warnings and appropriate information pertaining to any risk, contraindication, or adverse effect associated with the use of a prescription medical product be given to the prescribing physician and the medical

\B GSH 750905 v1
2902026-000071 6/29/2007

profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Decedent's treating and prescribing physicians.

## Thirteenth Defense

13.    Defendant pleads the learned intermediary doctrine.

## Fourteenth Defense

14.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

## Fifteenth Defense

15.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

## Sixteenth Defense

16.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff were prepared in accordance with the applicable standard of care.

\B GSH 750905 v1
2902026-000071 6/29/2007

## Seventeenth Defense

17.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendant and any liability of Defendant is therefore barred.

## Eighteenth Defense

18.    Plaintiff's and Decedent's alleged damages were not caused by any failure to warn on the part of Defendant.

## Nineteenth Defense

19.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

## Twentieth Defense

20.    Plaintiff and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

## Twenty-first Defense

21.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

\B GSH 750905 v1
2902026-000071 6/29/2007

## Twenty-second Defense

22.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## Twenty-third Defense

23.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

## Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

## Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

\B GSH 750905 v1
2902026-000071 6/29/2007

## Twenty-sixth Defense

26.     Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

## Twenty-seventh Defense

27.     Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

## Twenty-eighth Defense

28.     Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

## Twenty-ninth Defense

29.     Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

\B GSH 750905 v1
2902026-000071 6/29/2007

**Thirtieth Defense**

30.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirty-first Defense**

31.    The imposition of punitive damages in this case would violate Defendant' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Alabama, and would additionally violate Defendant' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-second Defense**

32.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Alabama law.

**Thirty-third Defense**

33.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-fourth Defense**

34.    Plaintiff's punitive damage claims are preempted by federal law.

34

### Thirty-fifth Defense

35.     In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-sixth Defense

36.     Plaintiff and Decedent failed to provide Defendant with timely notice of any alleged nonconformance to any express representation. Ala. Code § 7-2-607

### Thirty-seventh Defense

37.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### Thirty-eighth Defense

38.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-ninth Defense

39.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are

\B GSH 750905 v1
2902026-000071 6/29/2007

barred or reduced by applicable law or statute or, in the alternative, are

unconstitutional insofar as they violate the due process protections afforded by the

United States Constitution, the excessive fines clause of the Eighth Amendment of

the United States Constitution, the Commerce Clause of the United States

Constitution, the Full Faith and Credit Clause of the United States Constitution,

and applicable provisions of the Constitution of the State of Alabama. Any law,

statute, or other authority purporting to permit the recovery of punitive damages in

this case is unconstitutional, facially and as applied, to the extent that, without

limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the

jury's discretion in determining whether to award punitive damages and/or the

amount, if any; (2) is void for vagueness in that it failed to provide adequate

advance notice as to what conduct will result in punitive damages; (3) permits

recovery of punitive-damages based on out-of state conduct, conduct that complied

with applicable law, or conduct that was not directed, or did not proximately cause

harm, to Plaintiff or Decedent; (4) permits recovery of punitive damages in an

amount that is not both reasonable and proportionate to the amount of harm, if any,

to Plaintiff or Decedent and to the amount of compensatory damages, if any; (5)

permits jury consideration of net worth or other financial information relating to

Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial

court in post-verdict review of any punitive damages awards; (7) lacks

constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Further, Plaintiff's claims for punitive damages are limited under Alabama state statutes and the decisions of Alabama state courts.

## Fortieth Defense

40.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

## Forty-first Defense

41.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

\B GSH 750905 v1
2902026-000071 6/29/2007

### Forty-second Defense

42.     If Plaintiff and Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

### Forty-third Defense

43.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-fourth Defense

44.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fifth Defense

45.     Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff and Decedent, and were independent of or far removed from Defendant's conduct.

\B GSH 750905 v1
2902026-000071 6/29/2007

## Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff or Decedent.

## Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Defendant's conduct.

## Forty-eighth Defense

48.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

## Forty-ninth Defense

49.    The claims must be dismissed because Decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

\B GSH 750905 v1
2902026-000071 6/29/2007

## Fiftieth Defense

50.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

## Fifty-first Defense

51.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

## Fifty-second Defense

52.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

## Fifty-third Defense

53.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

\B GSH 750905 v1
2902026-000071 6/29/2007

## Fifty-fourth Defense

54.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.  Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

## Fifty-fifth Defense

55.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

## Fifty-sixth Defense

56.    The imposition of punitive damages pursuant to current Alabama law violates the Due Process and Equal Protection provisions of the Fourteenth Amendment to the United States Constitution; to wit, Defendant has not been given fair notice of the standard of conduct which could subject it to a claim for

\B GSH 750905 v1
2902026-000071 6/29/2007

punitive damages, and has not been given fair notice of the amount of punitive damages that may accompany a finding of liability. Alabama's current laws regarding punitive damages do not serve a rational or legitimate state interest.

### Fifty-seventh Defense

57.    Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

### JURY DEMAND

Defendant hereby demands a trial by jury.

### PRAYER

WHEREFORE, Defendant prays that Plaintiff take nothing by his suit; that Defendant be discharged with its costs expended in this matter, and for such other and further relief to which it may be justly entitled.

/s/ G. Steven Henry
Lawrence B. Clark  (CLA012)
G. Steven Henry (HEN025)
*Attorneys for Defendant*

OF COUNSEL:
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, PC
Wachovia Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone:   (205) 328-0480
Facsimile:    (205) 322-8007

\B GSH 750905 v1
2902026-000071 6/29/2007

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the parties listed below by filing via the CM/ECF electronic filing system on June 29, 2007:

Jere Beasley, Esq.
Navan Ward, Jr., Esq.
Andy D. Birchfield, Jr., Esq.
Gerald B. Taylor, Jr., Esq.
BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P.C.
PO Box 4160
Montgomery, AL 36103-4160

/s/ G. Steven Henry
OF COUNSEL

43